■ DAN EHRLICH, Appellant, v HENRY GIMINEZ et al., Respondents. [49 NYS3d 303]—

Order and judgment (one paper), Supreme Court, New York County (Robert R. Reed, J.), entered on or about March 17, 2016, which denied petitioner's motion and dismissed the petition to permanently stay arbitration, unanimously reversed, on the law and the facts, without costs, the denial of petitioner's motion vacated, the petition reinstated, the matter remanded for a hearing, pursuant to CPLR 7503 (a), to determine whether there was an agreement to arbitrate the disputed issues, and the motion to stay the arbitration held in abeyance pending the outcome of this hearing.

Petitioner notes that the limited liability company (LLC) to which the parties belong, Powerhouse Beverage Company LLC, has an LLC agreement dated January 28, 2014, which contains no agreement to arbitrate, and which states, at section 14.7, that it supersedes all prior agreements between the parties. Respondents, however, note the existence of a December 10, 2012 LLC agreement, apparently executed four days after the formation of the LLC, which contains a mandatory arbitration clause. Section 14.5 of the 2014 agreement states that, in the event of any conflicts between the 2014 agreement and the "Certificate" or the Delaware Limited Liability Act, the provisions of the Certificate or the Act will control. It is clear that the Delaware Limited Liability Act is not the 2012 agreement. However, it is not clear whether the 2012 agreement is the "Certificate of formation" filed at the time of the LLC's creation. If it is, then the arbitration clause in the 2012 agreement would control, assuming the 2012 agreement was properly executed.

If it is not, then the 2014 agreement would supersede the 2012 agreement, and there would be no agreement to arbitrate. Given this dispute, the matter should be "tried forthwith" (CPLR 7503 [a]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.